Kimberly JOHNSON, Trustee of the
Absaroka Trust, Plaintiff—
Appellant,

v.

UNITED STATES FOREST SERVICE;
et al., Defendants—Appellees,

The Wilderness Society, Inc.; et al.,
Defendants–Intervenors—
Appellees.

No. 02–35644.
D.C. No. CV–00–00217–JDS(RWA).

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted March 1, 2004.

Decided March 12, 2004.

Renee Coppock, Kristen L. Omvig, Crowley, Haughey, Hanson, Toole & Dietrich, Billings, MT, for Plaintiff–Appellant.

Lorraine D. Gallinger, AUSA, USBI–Office of the U.S. Attorney, Billings, MT, Matthew J. Sanders, U.S. Department of Justice, Environment and Natural Resources Div., Washington, DC, for Defendant–Appellee.

Douglas L. Honnold, Esq., Timothy J. Preso, Earthjustice Legal Defense Fund, Susan MacGrath Bozeman, MT, for Defendants–intervenors–Appellees.

Before O'SCANNLAIN, RYMER, and BYBEE, Circuit Judges.

## MEMORANDUM *

■ As Trustee of the Absaroka Trust, Kimberly Johnson sought judicial review of an informal adjudication by the United States Forest Service ("USFS") denying the Absaroka Trust's application for a special use permit. *See* 5 U.S.C. §§ 701–706. Because the facts are known to the parties they are not repeated here.

### I

The Absaroka Trust is entitled to "adequate access" to its property, *see* 16 U.S.C. §§ 1134(a), 3210(a),[1] defined as "a route and method of access to non-Federal land that provides for reasonable use and enjoyment of the non-Federal land consistent with similarly situated non-Federal land and that minimizes damage or disturbance to National Forest System lands and resources." 36 C.F.R. § 251.111. The USFS finding that hiking, stock, and helicopter access existed and constituted adequate access was neither "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law." 5 U.S.C. § 706(2)(A). As the administrative record and decision letters establish, the USFS "considered the relevant factors and articulated a rational connection between the facts found and the choice made." *Pac. Coast Fed'n of Fishermen's Ass'ns v. Nat'l Marine Fisheries Serv.*, 265 F.3d 1028, 1034 (9th Cir.2001) (internal quotations and citations omitted). The USFS properly considered the "use of means of ingress and egress which have been or are being customarily used with respect to similarly situated non-Federal land used for similar purposes." 36 C.F.R. § 251.114(g)(1).

### II

"[S]ummary judgment is an appropriate mechanism for deciding the legal question of whether the agency could reasonably have found the facts as it did." *Occidental Engineering Co. v. INS*, 753 F.2d 766, 769–70 (9th Cir.1985). Johnson failed to create any question of fact that would cast doubt upon the reasonableness of the agency's findings. Summary judgment was appropriate.

### III

■ Supplementation of the administrative record is strongly disfavored, save for exceptional circumstances not applicable here. *See Camp v. Pitts*, 411 U.S. 138, 142, 93 S.Ct. 1241, 36 L.Ed.2d 106 (1973); *Cronin v. United States Dep't of Agric.,*

---

\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

1. Intervenors ask the court to hold that 16 U.S.C. 3210(a), a provision of the Alaska National Interest Lands Conservation Act, is in-

applicable outside the State of Alaska. *Cf. Amoco Prod. Co. v. Vill. of Gambell*, 480 U.S. 531, 549–50, 107 S.Ct. 1396, 94 L.Ed.2d 542 (1987). Because the answer to this question does not alter our holding, we assume without deciding that the ANILCA provision is applicable in this case.

919 F.2d 439, 444 (7th Cir.1990). The evidence presented by Johnson is not "necessary to determine whether the agency has considered all relevant factors and has explained its decision." *Inland Empire Pub. Lands Council v. Glickman,* 88 F.3d 697, 703–04 (9th Cir.1996) (citation and internal quotation marks omitted) (describing when supplementation may be appropriate). The district court did not abuse its discretion by refusing to permit Johnson to supplement the record with the very data that she refused to provide to the agency during the course of its administrative proceedings.

AFFIRMED.